FILED
2006 Aug-01 AM 09:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 2:06-CV-0540-VEH** |
| ) | |
| **KENNETH MITCHELL** ) | |
| ) | |
| **Relator and Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BEVERLY ENTERPRISES, INC.,** ) | |
| **a corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant's (hereinafter "Beverly") Motion to Dismiss (Doc. 8), and Plaintiffs' (hereinafter "Mitchell") Motion for Leave to Amend[1] (Doc. 9).  The parties have briefed the issue extensively, and the issue is now ripe for determination.  For the reasons articulated herein, the Motion to Dismiss is due to be **DENIED** without prejudice and the Motion for Leave to Amend is due to be **GRANTED**.

---

[1] See Mitchell's Opposition to Beverly's Motion to Dismiss, in which the Motion for Leave to Amend is embedded.  (Doc. 9).

I.      **Facts and Procedural History**

Kenneth Mitchell (hereinafter "Mitchell") filed this action on March 20, 2006.[2] Mitchell is a resident of the state of Alabama. Beverly is a corporation with its principal place of business in Fort Smith, Arkansas.

Mitchell is seeking recovery, as a *qui tam* relator, on behalf of the United States, alleging in his Complaint that Beverly "has violated and continues to violate the False Claims Act, 31 U.S.C. § 3729 by defrauding the United States government through false and fraudulent charges under the Medicare program." (Compl. ¶ 2). Mitchell also contends that "Beverly has violated and continues to violate its Corporate Integrity Agreement with the Officer of Inspector General of the United States Department of Health and Human Services entered into on February 3, 2000." (Compl. ¶ 2). Additionally, Mitchell is seeking to recover personally against Beverly for its violation of the Whistleblower provision of the False Claims Act, 31 U.S.C. § 3730(h).

On June 9, 2006, Beverly filed the instant Motion to Dismiss, where it requested this Court to dismiss the *qui tam* portions of Mitchell's Complaint.

---

[2] Plaintiff had filed a previous action in the United States District Court, Northern District of Alabama; however, the case was dismissed without prejudice because of a tolling agreement between the parties.

## II.     Standard of Review

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th 2002) (citing *CJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367 (11th Cir. 1998)).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16) (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the Plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43) (5th Cir. 1967)).  "The threshold of sufficiency that a complaint must meet to survive a Motion to Dismiss for failure to state a claim is ... 'exceedingly low.'"  *Ancata v. Prison Health Serv., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro*

3

*America, S.A. v. Latin American Agribusiness Dev.,* 711 F.2d 989, 995 (11th Cir. 1983)).

### III. Analysis

#### A. Motion to Dismiss

Beverly contends that the *qui tam* portions of Mitchell's Complaint, specifically Count I of the Complaint, have not been pled with particularity as required by Fed. R. Civ. P. Rule 9(b) and should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The Supreme Court and the Eleventh Circuit have consistently recognized the False Claims Act as an anti-fraud statute. *See, e.g., Vermont Agency of Natural Ress. v. U.S. ex rel. Stevens*, 529 U.S. 765, 781-82 (2000) and *Clausen v. Lab Corp. of America*, 290 F.3d 1301, 1309 (11th Cir. 2001). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

In evaluating a Complaint for sufficient particularity, the Eleventh Circuit has noted that

> Rule 9(b) must not be read to abrogate [R]ule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of [R]ule 9(b) with the broader policy of notice pleading.

*Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (citation omitted).  However, the Eleventh Circuit has also stated that Rule 9(b) "does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government."  *Clausen*, 290 F.3d at 1311.  The complaint must provide "some indicia of reliability . . . to support the allegation of an actual false claim for payment being made to the Government."  *Id.*  Moreover, "[t]o state a claim under the False Claims Act with particularity, the complaint must allege 'facts as to time, place, and substance of the defendant's alleged fraud,' [and] 'the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'"  *Id.* at 1310 (quoting *Cooper v. Blue Cross & Blue Shield of Fla., Inc.,* 19 F.3d 562, 567-68 (11th Cir.1994)).

In *Corsello v. Lincare, Inc.*, the Eleventh Circuit upheld a district court's order granting a motion to dismiss for failure "to allege when, where, and what violations of the False Claims Act occurred."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1013 (11th Cir. 2005) (per curiam).  In his amended *qui tam* complaint, Corsello alleged that the defendants "violated the False Claims Act by submitting false Medicare claims and conspiring to defraud the government."  *Id.* at 1011.  Although Corsello

5

provided details of improper practices, he failed to allege the "'who,' 'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government." *Id.* at 1014. *C.f. Walker v. R&F Props. of Lake County*, 433 F.3d 1349, 1351 (11th Cir. 2005) (where the Eleventh Circuit affirmed the district court's order denying defendant's motion to dismiss, because the relator provided sufficient particularity by alleging that her services, as a nurse practitioner were only billed as "incident to the service of a physician" even when physicians were not on the premises, in addition to details of a conversation with an office administrator confirming defendant's practice of billing all services rendered by nurse practitioners and physician assistants as "incident to the service of a physician").

In Mitchell's Complaint, he alleges "that the speech therapist, Peggy Gunter, was billing for services which she was not providing...." (Comp. ¶ 16). Mitchell discussed with Barbara Parker, a colleague at the Pell City facility, their shared concerns of fraudulent billing. (Compl. ¶ 20). Out of her concern, Parker "refused to cover services" for other employees at the Oneonta facility. (Compl. ¶ 20). In that same conversation, Parker added that "Donna Hager, an OTR, who worked in Beverly's Oneonta facility had made the same complaints of speech therapy being billed but not provided...." (Compl. ¶ 20). Specifically, Mitchell states that the Hollingsworth family complained of being billed for speech therapy that was never

6

provided. (Compl. ¶ 27).

Moreover, Mitchell claims that from July 2001 to September 2001, Mitchell's Beverly supervisor asked him to adjust the amount of therapy that his patients would need in order to bill to "the low end of a [Resource Utilization Grouping] category." (Comp. ¶ 14). Mitchell also states that he "provided details of numerous incidents of fraud" in a conference call with the Human Resources Director, Debbie Pearl. (Compl. ¶ 27).

Mitchell's Complaint fails to allege the "'who,' 'what,' 'where,' 'when,' and 'how' of improper practices and fraudulent submissions to the government" for any of his claims. The Complaint does not provide any factual basis to conclude that billing to the low end of a Resource Utilization Grouping actually resulted in Beverly submitting improper claims to the Government. Although Mitchell occupied a non-billing position within Beverly, similar to the relator in *Walker*, Mitchell does not provide details confirming his conclusion. Mitchell does not allege policies about billing nor did he provide any actual dates alleging when the false submissions occurred. Similarly, no details are provided to explain Peggy Gunter's concern of fraudulent billing, such as examples of patients, services, or actual submission of the claims.

While Mitchell alleges that bills relating to the Hollingsworth family were

submitted for therapy that was never provided, he does not allege the improper practices committed by Beverly, the people involved in the improper practices, or filings that led to the actual submission of the false claim(s).  Although Mitchell provides the date of when the Hollingsworth family complained of the fraudulent billing, he did not provide the details of the alleged speech therapy or the date when Beverly submitted the claim(s) to the Government.  Accordingly, Beverly's Motion to Dismiss is due to be granted for failure to state a claim upon which relief can be granted.  However, as set forth in the next section of this Opinion, the court is granting Plaintiffs' motion for leave to amend.  Accordingly, Beverly's Motion to Dismiss is **DENIED** without prejudice.

### B.     Motion for Leave to Amend

Mitchell has embedded in his Response to Beverly's Motion to Dismiss, a Motion for Leave to Amend his Complaint.  Rule 15(a) of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Moreover, the Eleventh Circuit has stated that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with

prejudice."[3]   *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991).  *See also Friedlander,* 755 F.2d at 813 and *Ziemba v. Cascade Int'l Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001).   Given that Mitchell has not had an opportunity to amend his Complaint and the possibility exists that a more carefully drafted complaint might state a Claim in which this Court could provide relief, Mitchell's Motion for Leave to Amend is due to be granted.

## IV.  Conclusion

The Motion to Dismiss is due to be **DENIED** without prejudice.  The Plaintiff shall be granted leave, pursuant to this Court's discretion, to file an amended Complaint in compliance with Fed. R. Civ. P. Rule 9(b) and with this Memorandum Opinion.

A separate **ORDER** will be entered.

**DONE** this 1st day of August, 2006.

_____
 **VIRGINIA EMERSON HOPKINS**
 United States District Judge

---

[3] Beverly cites to *Long v. Satz* for the proposition that where a plaintiff requests leave to amend, the request must "set forth the substance of the proposed amendment or attach a copy of the proposed amendment."  181 F.3d 1275, 1279 (11th Cir. 1999).   However, in *Long*, the Eleventh Circuit reviewed the district court's denial under an abuse of discretion standard only.  Although the instant case involves a similar fact situation, it does not follow that it would be an abuse of discretion for the Court to grant Plaintiff's Motion for Leave to Amend.